MEMORANDUM **
Petitioner Karine Petrosyan seeks review of the decision of the Board of Immigration Appeals (“BIA”) affirming the decision of an immigration judge (“IJ”). The IJ made an adverse credibility finding and thus concluded that Petrosyan had failed to meet her burden of proof on her applications for asylum, withholding of removal, and relief under the Convention Against Torture.
The facts of this case are familiar to the parties, and we do not repeat them here. We review adverse credibility findings under the substantial evidence standard. Thus, the findings “are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). This petition is governed by the REAL ID Act, which permits an IJ to make an adverse credibility determination based on, inter alia, the “inherent plausibility of the applicant’s ... account” and “the consistency between the • applicant’s ... written and oral statements.” 8 U.S.C. § 1158(b)(l)(B)(iii). A testimonial inconsistency need not go to the heart of an applicant’s claim to be relevant in'a finding of adverse credibility. See Malkandi v. Mukasey, 544 F.3d 1029, 1041 (9th Cir.2008).
Petrosyan’s testimony contained at least one glaring inconsistency and several implausibilities. Petrosyan testified before the asylum officer that she had not partiei-pated in any of the demonstrations and rallies surrounding the’ February 2003 Armenian presidential election, but then told the IJ that she had participated in a demonstration on February 20, 2003. Also, Petrosyan testified that she was persecuted by the school principal for voting for Stephen Demirchian in the election, but failed to provide a coherent explanation of why she was only demoted in September of 2003 and not fired until a year later. The record thus provides substantial evidence supporting the IJ’s adverse credibility determination.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.