**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| KARINE PETROSYAN; HARUTYUN KHACHATRYAN; SERGEY KHACHATRYAN, <br><br> Petitioners, <br><br> v. <br><br> MERRICK GARLAND, Attorney General, <br><br> Respondent. | No.   18-70639 <br><br> Agency Nos.   A098-824-758 <br> A098-824-759 <br> A098-824-760 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2021**
San Francisco, California

Before:  WALLACE, GOULD, and FRIEDLAND, Circuit Judges.

Harutyun Khachatryan, a native and citizen of Armenia, petitions for review

of the Board of Immigration Appeals' (BIA) order denying his second motion to

reopen.  Khachatryan claims his wife, Karine Petrosyan, and his son, Sergey

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Khachatryan, as derivative beneficiaries.[1]  We have jurisdiction under 8 U.S.C.
§ 1252.  We review for abuse of discretion the denial of a motion to reopen.
*Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).  We deny the petition for
review.

Petitioners began the process of seeking relief from deportation in 2005,
after having overstayed their temporary tourist visas.  On May 20, 2005,
Petitioners submitted an affirmative application for asylum.  An asylum officer did
not grant Petitioners' asylum application and referred it to the Immigration Court.
The Immigration Judge denied Petitioners' applications for asylum, withholding of
removal, and relief under the Convention Against Torture (CAT) later that year.
The BIA dismissed Petitioners' appeal in April 2007, and our court denied a
petition for review in February 2009.  *Petrosyan v. Holder*, 312 F. App'x 899, 900
(9th Cir. 2009).  Petitioners filed a motion to reopen in December 2009, which the
BIA denied in 2010.  Our court denied a petition for review of that decision in
2017.  *Petrosyan v. Lynch*, 672 F. App'x 756, 757 (9th Cir. 2017).  Petitioners filed
the instant motion to reopen on June 26, 2017.

Petitioners acknowledge that this second motion to reopen is untimely and
number-barred, *see* 8 C.F.R. § 1003.2(c)(2), but they argue that reopening should

---

[1] Unless otherwise specified, "Khachatryan" refers to the Lead Petitioner, Harutyun Khachatryan.  We refer to Khachatryan, Petrosyan, and Sergey Khachatryan collectively as "Petitioners."

be granted despite these procedural bars because of a material change in circumstances in Armenia, *see id.* § 1003.2(c)(3)(ii).

Petitioners' motion contends that Khachatryan's political activities in the United States have made him a target of the Armenian government. Petitioners have offered evidence that Khachatryan participated in demonstrations against the Armenian government while living in the United States in 2007 and 2008. Khachatryan's cousin filed an affidavit stating that he and Khachatryan's other relatives were detained by Armenian police once, in or around 2008, because of Khachatryan's opposition activities. Khachatryan also stated that he received an anonymous call at an unknown date,[2] during which the caller told him that he "shouldn't forget that [he had] relatives in Armenia" and that he should not "do anything unnecessary." Petitioners argue that this evidence, in addition to country conditions evidence indicating that the political party opposed by Khachatryan had become more powerful in Armenia between 2008 and 2017, supports reopening their applications for asylum, withholding of removal, and relief under CAT.

The BIA did not abuse its discretion in denying Petitioners' second motion to reopen on the ground that their claims were too speculative to establish a prima facie case for asylum or withholding of removal. *See Ordonez v. INS*, 345 F.3d

---

[2] Khachatryan stated in a written declaration that the phone call occurred "before the election" in Armenia, but he provided no indication of the date or other circumstances under which he received the phone call.

777, 785 (9th Cir. 2003). It was reasonable for the BIA to conclude that Petitioners' evidence of a vague, anonymous threat and of a single incident of police detention of Petitioners' relatives over a decade ago were insufficient to warrant reopening. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005) (explaining that "most threats do not rise to the level of persecution"). The speculative nature of Petitioners' claims is exacerbated by the fact that the relevant events occurred in 2007 and 2008 (with the phone call possibly having occurred later), yet Petitioners offered no additional evidence to suggest that Khachatryan or his family members in Armenia have suffered any harm since then. It was also appropriate for the BIA to fault Petitioners for failing to mention the 2007 and 2008 events in their 2009 motion for reopening. *Cf.* 8 C.F.R. § 1003.2(c)(3)(ii) (stating that the time and numerical limitations shall not apply to motions to reopen based on changed circumstances "if such evidence is material and *was not available and could not have been discovered* or presented at the previous hearing" (emphasis added)).

For the same reasons, the BIA also did not abuse its discretion in concluding that Petitioners did not make out a prima facie case for relief under CAT. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).

Finally, we reject as unsupported Petitioners' contentions that the BIA failed to consider arguments or record evidence.

**PETITION FOR REVIEW DENIED.**